IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

DEBRA MOORE and husband, DENNIS )
MOORE, )
 )
    Plaintiffs, )
 )
v. )    Docket No. 2-183-22
 )    Jury Demanded
WALMART INC., WAL-MART REALTY )
COMPANY, WAL-MART REAL ESTATE )
BUSINESS TRUST, WAL-MART )
ASSOCIATES, INC., WAL-MART )
STORES, INC and WAL-MART )
STORES EAST, LP, )
 )
Serve:  Registered Agent )
      C. T. Corporation System )
      300 Montvue Drive )
      Knoxville, TN 37919-5546 )
 )
    Defendants. )

---

## COMPLAINT

---

    Come now the Plaintiffs, Debra Moore and husband, Dennis Moore, by counsel, and for

their Complaint against Defendants, Walmart Inc., Wal-Mart Realty Company, Wal-Mart Real

Estate Business Trust, Wal-Mart Associates, Inc., Wal-Mart Stores, Inc. and Wal-Mart Stores East,

LP (hereinafter "Defendants" and/or "Wal-Mart") would show as follows:

### PARTIES

    1.    The Plaintiffs, Debra Moore and husband Dennis Moore are citizens and residents

of Grainger County, Tennessee.

**EXHIBIT**

tabbies®

**B**

1

2. The Defendant, Walmart Inc, individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

3. The Defendant, Wal-Mart Realty Company, individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

4. The Defendant, Wal-Mart Real Estate Business Trust, individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

5. The Defendant, Wal-Mart Associates, Inc., individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

6. The Defendant, Wal-Mart Stores, Inc., individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for

2

service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

7.      The Defendant, Wal-Mart Stores Ease, LP, individually or collectively are the owners and operators of real property and a business known as a Wal-Mart Super Center located and operating at 10900 Parkside Drive in Knoxville, Knox County, Tennessee, and the agent for service of process for this defendant is C. T. Corporation System which is located in Knox County, Tennessee.

8.      At all times relevant hereto, the Defendants individually or collectively owned, managed and controlled the Wal-Mart store located at 10900 Parkside Drive, Knoxville, Knox County, Tennessee.

## JURISDICTION AND VENUE

9.      The facts giving rise to this cause of action occurred on or about June 24, 2021 in Knox County, Tennessee upon the real property and business premises of the Defendants.

10.     This Court has jurisdiction over the parties and the subject matter of this action, and Knox County is a proper venue.

## FACTS

11.     On or about June 24, 2021, the Plaintiff Debra Moore was a customer, guest and business invitee of Defendants at its store located at 10900 Parkside Drive in Knox County, Tennessee.

12.     As the Plaintiff Debra Moore was traversing the interior of the store while shopping, she slipped and fell as a result of a dangerous and defective condition existing upon Defendants' property. Specifically, Debra Moore encountered an area of the floor in an aisle that

3

was wet, slippery, defective, unreasonably dangerous and constituted a hazard and trap to anyone who encountered the same and to the Plaintiff in particular.

13. The area of the floor encountered by Debra Moore which caused her to slip and fall was covered in part by a clear, transparent and undetectable liquid.

14. Upon information and belief, Defendants were on notice, or in the exercise of reasonable care, should have known of the existence of the slippery, defective and unreasonably dangerous condition of its floor caused by the clear liquid because it was either caused by Defendants' employees, observed by Defendants' employees or had been in existence for such a length of time that it should have been discovered by Defendants' employees prior to Debra Moore encountering the same. Moreover, upon information and belief, Defendants are aware from prior events, instances and course of conduct that its floors can at times become wet and slippery due to spills and/or customer and employee foot traffic and involvement and knows, or in the exercise of reasonable care, should know that it is necessary to periodically inspect and clean its floors.

15. During all relevant times herein, all acts of Defendants' officers, agents and/or employees are imputed to Defendants via the doctrine of respondeat superior.

16. Debra Moore was unaware of the slippery substance upon the floor until she fell.

## CAUSE OF ACTION-NEGLIGENCE

17. Defendants owed a duty of reasonable care to Debra Moore to properly inspect its premises, to maintain its premises in a safe manner, to remove and remedy any hazardous, slippery, dangerous or defective conditions existing upon its property and/or to warn Debra Moore of any hazardous, slippery, dangerous or defective conditions existing upon its property.

18. Defendants breached their duty of reasonable care by failing to properly inspect their property.

4

19.     Defendants breached their duty of reasonable care by failing to properly maintain their property in a safe manner.

20.     Defendants breached their duty of care by failing to properly clean and mop their property including the floor upon which Debra Moore fell.

21.     Defendants breached their duty of care by failing to remove and remediate the liquid substance from the floor which caused it to be slippery.

22.     Defendants breached their duty of care by failing to warn Debra Moore about the slippery, wet, dangerous and defective condition of their floor by failing to display caution wet floor signs in appropriate locations prior to the slip and fall at issue. At no time prior to Debra Moore encountering the wet floor was a warning sign displayed in the area of the slip and fall.

23.     Defendants' breach of their duty of reasonable care and negligence was the direct and proximate cause of Debra Moore slipping and falling and her subsequent injuries.

24.     Through the above-listed acts and omissions, Defendants failed to use the ordinary care that ordinarily careful business owners and/or persons would use to avoid injury to others under the same or similar circumstances.

25.     As a direct result of slipping and falling upon the wet, slippery, dangerous and defective floor, Debra Moore suffered severe and disabling injuries, some of which are believed to be permanent.

26.     The serious injuries suffered by Debra Moore were a direct and foreseeable result of the Defendants' breach of duty to maintain the subject premises in a reasonably safe condition.

## DAMAGES

27.     As a direct result of her injuries, Debra Moore incurred expenses for her medical care and treatment, was unable to transact her business, experienced severe pain and suffering,

5

suffered a loss of enjoyment of life and is left with permanent impairment and restrictions. Moreover, it is anticipated that Debra Moore may require future medical treatment and will continue to suffer from pain and limitations as a result of her permanent injuries.

28.     As a direct result of the injuries suffered by Debra Moore, the co-plaintiff Dennis Moore suffered damages as a result of the loss of her services, society and consortium.

29.     The Plaintiffs are entitled to receive damages from Defendants for all damages described herein and all other damages allowed under Tennessee law.

WHEREFORE, PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

1.     A judgment for Debra Moore against Defendants for compensatory damages in a fair and reasonable sum to be determined by a jury in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00);

2.     A judgment for Dennis Moore against Defendants for compensatory damages in a fair and reasonable sum to be determined by a jury in an amount not to exceed Fifty Thousand Dollars ($50,000.00);

3.     For an award of discretionary and court costs;

4.     For a trial by jury; and

5.     For such other and further general relief to which they may be entitled.

Respectfully submitted,

Lane Wolfenbarger (No. 018961)
SHUTTLEWORTH, PLLC
P.O. Box 473
Rutledge, TN 37861
(865) 622-7118
Attorneys for Plaintiffs

6

## COST BOND

We hereby acknowledge ourselves as surety for the costs of this cause in accordance with Tenn. Code Ann. § 20-12-120.

Debra Moore and Dennis Moore, Principals

By: _____
     Lane Wolfenbarger, Attorney

Shuttleworth, PLLC, Surety

By: _____
     Lane Wolfenbarger, Attorney

7